## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **TIMOTHY LANCE HILL** | ) | CIVIL ACTION FILE |
|  | ) |  |
| **Plaintiff,** | ) | NO. _____ |
|  | ) |  |
| **v.** | ) | JURY TRIAL DEMANDED |
|  | ) |  |
| **FIRST ADVANTAGE** | ) | COMPLAINT |
| **CORPORATION** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |
|  | ) |  |

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

### PARTIES

2.    Plaintiff Timothy Lance Hill is an adult individual residing in Cabot, AR.

3.    Defendant First Advantage Corporation is a consumer reporting agency that regularly conducts business in the Northern District of Georgia and which has a place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.     Defendant has been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

7.     The inaccurate information includes, but is not limited to, a conviction from the State of Arkansas for a felony for violation of the uniform controlled substances act which is not a conviction against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

8.     Defendant, however, has been inaccurately reporting this charge on Plaintiff's consumer report.

9.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10.     Specifically, in or around April 2015, Plaintiff applied for and was delayed in obtaining an apartment with Ashburry at Chenal for his daughter.

11.     The basis for the delay in obtaining the apartment was the inaccurate information that appears on Plaintiff's consumer report prepared by Defendant.

12.     Plaintiff further disputed the inaccurate information with Defendant. Defendant, however, has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained the actual public records, police records or other records relating to the criminal charges.

13.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

14.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – FIRST ADVANTAGE
## VIOLATIONS OF THE FCRA

16.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

18.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19.     At all times pertinent hereto, the above-mentioned credit report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

20.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b) and 1681i.

21.     The conduct of Defendant were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive

damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

22.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages; and

    (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

Respectfully submitted,

/s/      James Feagle
       James Feagle, Esq.
       Georgia Bar No.
       Skaar & Feagle, LLP
       2374 Main Street
       Suite B
       Tucker, GA 30084
       Telephone: (404) 373-1970
       Facsimile: (404) 601-1855

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
133 Mirramont Lake Drive
Woodstock, GA  30189
770 / 427-5600
404 / 601-1855 fax

Gregory Gorski, Esq.
(*pro hac vice* motion forthcoming)
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile: (215) 940-8000

**Attorneys for Plaintiff**

Date: July 31, 2015